NO. 07-04-0463-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 17, 2006

_____

JOHNNY RODRIGUEZ, JR., APPELLANT

V.

JOHN LEZA AND ICON BENEFIT ADMINISTRATORS, INC., APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,380; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Johnny Rodriguez challenges a judgment enforcing a Rule 11 mediation agreement between himself and John Leza and an order of dismissal of his action against ICON Benefit Administrators, Inc. Based on the following rationale, we affirm.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Rodriguez and Leza were involved in an automobile collision in 2001. On March 21, 2003, Rodriguez, an employee of the City of Lubbock, filed suit against Leza seeking to recover for personal injuries he sustained in the collision. After discovery progressed, Rodriguez and Leza agreed to submit the dispute to mediation. At mediation, Rodriguez and Leza signed a written mediation agreement pursuant to Rule 11 of the Rules of Civil Procedure whereby Leza agreed to pay $6,500 to settle all claims arising out of the collision. In return, Rodriguez agreed to indemnify Leza and to provide Leza with either a release or a negotiated amount to be paid to the City of Lubbock's health insurance provider, HMO Blue, and workers' compensation carrier, ICON.[2]

Following the mediation, Leza's counsel prepared the necessary documents and forwarded them to Rodriguez. However, Rodriguez, unable to reach an agreement with ICON, refused to execute the settlement documents. Instead, on January 8, 2004, without leave of the trial court, Rodriguez filed an amended petition attempting to join and add ICON as a defendant. It appears from the record that the case remained dormant until Leza filed the mediation agreement with the court on July 1, 2004, and moved that the court enforce the agreement pursuant to Rule 11, or in the alternative, grant summary judgment relief.

After notice of the filing and setting of a hearing, the court held a hearing on the motion on August 6, 2004; however, neither Rodriguez nor his counsel were present at the

---

[2]Rodriguez filed claims with both carriers, and both carriers paid for his medical expenses.

hearing.[3] Following the hearing, on August 12, 2004, the trial court signed its judgment that the mediation agreement between Rodriguez and Leza be enforced and dismissed Rodriguez's suit against Leza.[4] In addition, the order signed August 12, 2004, also included a provision dismissing Rodriguez's action against ICON Benefit Administrators, Inc. with prejudice.

By his sole point of error, Rodriguez contends the trial court erred in granting summary judgment in favor of ICON Benefit Administrators. We disagree. Although Leza's motion sought a summary judgment as alternative relief, ICON did not file a motion seeking summary judgment or otherwise. Instead, according to the reporter's record of the hearing on August 6, 2004, noting that Rodriguez had attempted to join ICON without leave of the court contrary to Lubbock County local Rule 3.40(B)(2), the trial court ordered that Rodriguez's action against ICON be dismissed. The order signed by the court included a paragraph dismissing the suit against ICON.

Because a summary judgment was not rendered and Rodriguez does not present a point of error challenging the dismissal for misjoinder or otherwise, Rodriguez's sole point of error presents nothing for review and is overruled.

---

[3]Counsel for Rodriguez acknowledged he received a copy of the motion approximately one month prior to the hearing, but that it was subsequently misfiled and was never placed on his calendar.

[4] By this appeal, Rodriguez does not contend that the trial court erred in confirming the mediation agreement and dismissal of the case as to Leza.

Accordingly, the trial court's judgment is affirmed.


Don H. Reavis
Justice